# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Vicki Nicole Lindsey, as Personal Representative of the Estate of Dustin Ray Payne, and Melissa Hopkins and Scottie Payne, as surviving parents of Dustin Ray Payne, | ) ) ) ) ) ) | **ORDER** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| C&J Well Services, Inc.; C&J Well Services, Inc. d/b/a C&J Energy Services, Inc.; Nabors Completion & Production Services Co.; Superior Well Services, Inc.; Nabors Drilling Technologies USA, Inc.; Nabors Drilling USA, LP; Nabors Corporate Services, Inc.; Nabors Industries, Inc.; and John Doe I, | ) ) ) ) ) ) ) ) ) | Case No. 1:16-cv-019 |
| Defendants. | ) | |

On July 14, 2016, defendants filed a "Motion to Compel Arbitration and Demand for Stay of Litigation." On August 5, 2016, plaintiff filed a "Motion for Extension of Time to File Claims for Punitive Damages." On August 15, 2016, Defendants C&J Energy Services, Inc. and C&J Well Services, Inc. (f/n/a Nabors Completion & Production Services, Inc.) filed a "Suggestion of Bankruptcy" along with copies of the voluntary petitions they filed pursuant to Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas. On August 19, 2016, the court held a status conference wit the parties by telephone.

Section 362(a)(1) provides that, upon the filing of a bankruptcy petition, all judicial and other proceedings are stayed. See 11 U.S.C.§ 362(a)(1); see also Missouri v. U.S. Bankruptcy Court for E.D. of Ark., 647 F.2d 768, 775 (8th Cir. 1981). A § 362 stay applies only to bar proceedings against

1

the debtor. See Fortier v. Dona Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984); see also Croyden Assoc. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992). "The only except to this rule that any of the circuits recognize seems to relate to nonbankrupt defendants in unusual circumstances." Croyden Assoc., 969 F.2d at 677 (quoting A.H. Robbins. Co. v. Picinin, 788 F.2d 994, 999 (4th Cir.), cert denied, 479 U.S. 876 (1986)); see also Okla. Federated Gold and Numismatics, Inc. v. Blodgett, 24 F.3d 136, 141 (10th Cir. 1994) ("A narrow except allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in unusual situations as when there is such identity between the debtor and the third-party defendant that the defendant and the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (internal quotation marks omitted)); In re North Star Contracting Corp., 125 B.R. 368, 370 (S.D.N.Y. 1991) ("[S]ome courts have recognized that in circumstances where the debtor and the non-bankrupt party can be considered one entity or has having a unitary interest, a section 362(a)(1) stay may suspend an action against a non-bankrupt party . . . . In addition, courts have recently extended 11 U.S.C. § 362 to include certain types of actions by or against non-debtors when such actions have a significant impact on the bankrupt."); Robert W. Thomas and Anne McDonald Thomas Revocable Trust v. Inland Pacific Colorado, LLC, et. al., No. 11-cv-03333, 2013 WL 708493, at *2 (D. Colo. Feb. 26, 2013) (staying a case as to a debtor and its solvent co-defendants pursuant to § 362).

During the status conference held on August 19, 2016, the parties agreed to stay the entire action. Accordingly, the above-entitled action shall be **STAYED** in its entirely as to all defendants pending further order of the court. Defendant's "Motion to Compel Arbitration and Demand for Stay of Litigation" (Docket No. 39) shall be administratively termed with the understanding that it may

2

be renewed as defendants deem necessary at a later date. The final pretrial conference set for October 18, 2017, and jury trial set for October 30, 2017, are cancelled. Both shall be rescheduled as necessary at a later date. Plaintiff's "Motion for Extension of Time to File Claims for Punitive Damages" (Docket No. 44) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court